PIERRE SZAMEK, PLAINTIFF-APPELLANT, v. SECRETARY OF STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 9, 1974—Decided October 7, 1974.

Before Judges CONFORD, MICHELS and MORGAN.

*Mr. John Cervase and Mr. Peter A. Buchsbaum,* attorneys for Appellant.

*Mr. William F. Hyland,* Attorney General, attorney for Respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel, Joyce Usiskin, on the brief).

PER CURIAM. Plaintiff purportedly aspired to be an independent candidate for governor at the November 1973 general election. Instead of filing a petition to that end as required by *N. J. S. A.* 19:13–5, and taking the position that the qualifying provisions of the statute were invalid, plaintiff filed a complaint in Superior Court asserting the act was unconstitutional as violative of his First Amendment and Due Process rights. The nub of his grievance is the combined statutory requirements of a filing date 40 days be-

fore the primary election, *N. J. S. A.* 19:13-9, and that the petition must be signed by 800 signatories who assert, "I pledge myself to support and vote for the person named in this petition for governor." *N. J. S. A.* 19:13-4. The contention is that the exaction of such a pledge violates the right of the signatory to change his mind and vote for another candidate at the election — a deprivation which plaintiff has the right to assert as impairing his ability to qualify as a candidate for election. Accordingly, plaintiff sought judgment permitting the placement of his name on the ballot of the general election without the filing of a petition.

The Law Division dismissed the complaint July 25, 1973. Plaintiff filed a notice of appeal August 16, 1973 but made no effort to bring on the submission or argument of the appeal to this court before the general election. Indeed his appellate brief was not filed until January 3, 1974. We have determined that the appeal should be dismissed as moot and because plaintiff lacked standing to bring the action.

*Moritt v. Rockefeller,* 346 F. Supp. 34 (S. D. N. Y. 1972), aff'd mem. 409 *U. S.* 1020, 93 S. Ct. 465, 34 L. Ed. 2d 312 (1972), seems to be in point. There a candidate for nomination in the Democratic primary for judge of the New York Court of Appeals complained of the unconstitutionality of the procedure for getting on the ballot. Because he had been denied nomination by the Democratic State Committee the statute called upon him to obtain 20,000 signatures or 5% of the enrolled voters of the party, whichever was less, including a certain number in each of one half of the congressional districts of the state. Although his substantive argument of unconstitutionality of the procedure had merit, under *Moore v. Ogilvie,* 394 *U. S.* 814, 89 S. Ct. 1493, 23 L. Ed. 2d 1 (1969), his petition was dismissed as moot by a majority of the three-judge District Court on the ground that he never filed any petition whatsoever. The court indicated that since his petition conceded that 12,000 signatures selected from anywhere in the state would have been a reasonable and valid

statutory requirement, he should have filed a petition containing such signatures. Failing to do so, he lacked standing.

 The reasoning of the *Moritt* case is pertinent here as well. Plaintiff should have filed a petition in such form as would have met his concession as to a proper constitutional requirement for signatories, see *Jenness v. Fortness,* 403 *U. S.* 431, 442, 91 S. Ct. 1970, 29 L. Ed. 2d 554 (1971), and then expeditiously challenged in court any rejection thereof by the election authorities. There is nothing before us justifying any view that plaintiff was a serious candidate for the 1973 election.

 That the appeal is moot is obvious. The 1973 election for governor is over. Plaintiff made no *bona fide* effort to get this litigation resolved by a date which would have permitted him to be a candidate in the 1973 election. Further, this case does not present such a situation of "sufficient stake" of plaintiff in the litigation and "real adverseness" of interests of the parties as to warrant rendering a declaratory judgment on the meritorious issues. See *Crescent Park Tenants Ass'n v. Realty Eq. Corp. of New York,* 58 *N. J.* 98, 107 (1971).

Accordingly we need not delve into the merits of the constitutional arguments made by plaintiff.

The appeal is dismissed.